IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-127-SLR |
| SHAWN CUFF, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL STATEMENTS AND EVIDENCE**

Defendant, Shawn Cuff, through his counsel, Keir Bradford, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing for use by the government any and all evidence seized from Mr. Cuff, on or about July 18, 2007 and July 22, 2007, including any and all statements made by Mr. Cuff to law enforcement officers.

In support of this motion, Mr. Cuff submits as follows:

**A.   Suppression of Evidence Related to Count I**

1.   On July 18, 2007[1], police officer Joshua R. Wilkers and State Probation Officer Cerminaro were operating a and unmarked vehicle in the area of 23rd and Spruce Streets, Wilmington,

---

[1] Any facts contained in this motion were taken from the police reports prepared with regard to this case. By including these facts in his pre-trial motion, Mr. Cuff in no way concedes that events transpired as stated in these reports. It is Mr. Cuff's position is that an Evidentiary Hearing is needed to further develop the facts with regard to this motion through the adversarial process.

DE, when they observed a 2005 Chevrolet Impala being operated by Mr. Cuff. The officers observed the vehicle make a right turn without using a turn signal at 23rd and Spruce. Officer Wilkers communicated a direction of travel of the mentioned Chevrolet to assisting units so a motor vehicle stop could be conducted by a unit with emergency equipment.

2. A vehicle stop was conducted at the 800 block of E. 22nd Street, Wilmington, DE. Upon making contact with Mr. Cuff, the officer allegedly could smell an odor of burned marijuana emanating from the vehicle. The officer asked Mr. Cuff to produce paperwork for the vehicle. While Mr. Cuff was providing the requested information, Officer Wilkers observed an open box of clear plastic bags on the floor behind the passengers seat.

3. Mr. Cuff was asked to exit the vehicle, at which time the officer called for the K-9 unit to respond to the above location. According to police, the K-9 positively indicated the presence of drugs in the driver's side door and the center console. Upon searching the interior compartment of the vehicle Officer Negley located a clear plastic bag containing (34) orange pills (percocet) and (1) yellow pill stamped E712; a clear plastic bag containing cocaine base; $800.00 U.S. currency and a digital scale.

4. Shawn Cuff was transported to the police station for processing, and while at the station the officer's found and additional $519.00 U.S. currency inside Mr. Cuff's right pocket. It was at that time Shawn Cuff was said to have waived his Miranda rights and made several incriminating statements.

5. Upon information and belief, Mr. Cuff committed no traffic violations or other infractions which would support the basis of the police action in stopping the vehicle. Even if police had a proper basis for making a traffic stop of the vehicle, Mr. Cuff asserts that police lacked any

reasonable suspicion or probable cause to detain him beyond issuance of a traffic citation.

6. The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

7. A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (*citing* California v. Hodari D., 499 U.S. 621, 626 (1991).

8. In this case, Mr. Cuff's was seized when his vehicle was stopped, by the police, at the 800 Block of Spruce Street, Wilmington, DE. Based upon information and belief, the police officers lacked the requisite probable cause to initiate a traffic stop of Mr. Cuff. To date, Mr. Cuff has not received any information to support the officers' asserted grounds for the traffic stop, nor was a traffic violation report included in the materials obtained from the government. Mr. Cuff submits that the traffic stop was initiated by Probation Officer Cerminaro who, without any factual basis, believed him to be in possession of drugs. Under these circumstances, the pretextual stop was illegal and in violation of Terry and its progeny. Because the officers' seizure violated the Fourth Amendment, all evidence must be suppressed in accordance with the "fruit of the poisonous tree doctrine" expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

9. Mr. Cuff also moves under the Fifth Amendment and Miranda to suppress any statements he allegedly made during, or subsequent to, his illegal search and seizure.

10. The Supreme Court, relying on the Fifth Amendment, has made it clear that

3

involuntary statements should be suppressed:

> It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded in whole or in part upon an involuntary confession, without regard to the truth or falsity of the confession, and even though there is ample evidence aside from the confession to support the conviction.

Jackson v. Denny, 378 U.S. 368, 376 (1964) (citations omitted).

11.     Miranda v. Arizona, 384 U.S. 436 (1966), firmly establishes that before the government can use statements obtained from the defendant through custodial interrogation, it must show both that the police adequately warned the defendant of his rights, such as his right to remain silent and to have court-appointed counsel, and that the defendant knowingly, voluntarily and intelligently waived those rights.

12.     The government bears a heavy burden to prove that the defendant made such a waiver. Brewer v. Williams, 430 U.S. 387 (1977). Waiver in this context requires the "intentional relinquishment or abandonment of a known right or privilege." Miranda v. Arizona, 384 U.S. 436 (*quoting* Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).

13.     In the present case, there was no affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights. See Miranda, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant).

14.    Upon a hearing in this matter, the facts will show that Mr. Cuff did not make unsolicited statements about the circumstances of this incident. Therefore, any statements made were not voluntary and in violation of Miranda.

B.   **Motion to Suppress Evidence Relating to Count Two**

1.   On July 22, 2007, police officer Wilkers and Officer Cramer were traveling east bound in a fully marked patrol vehicle, when they observed Mr. Cuff, riding a blue 2006 Avanti moped, traveling westbound on East 11th St towards the officers. East 11th Street is a one way street that travels east bound. Officer Wilkers conducted a vehicle stop at the intersection of E. 11th St and Bennett in Wilmington DE.

2.   The officer then asked Mr. Cuff to step off the moped and secure it by putting the kick stand down. According to Officer Wilkers, Mr. Cuff did not put the kick stand down, even after two requests by the officer to do so. The officer then became suspicious of Mr. Cuff's behavior and then attempted to conduct a pat down for the officer's safety.

3.   In an attempt to conduct the pat down Officer Wilkers asked Mr. Cuff to place his hands above his head to which Mr. Cuff responded by placing both hands in his pockets. Then both officers attempted to handcuff Mr. Cuff and a brief struggle ensued, resulting in injuries to both the officers and Mr. Cuff. At this time officer Wilkers noticed that Mr. Cuff had a clear plastic bag in his hand.

4.   The officers were able to place Mr. Cuff in handcuffs and Officer Wilkers then recovered two (2) clear plastic bags, each containing a large off white rock-like piece. Mr. Cuff was eventually taken to the police station, where one clear sandwich bag containing forty-one (41) individually wrapped off white rock-like pieces were found in his right sock. Further, Mr. Cuff had in his possession $116.00 U.S. currency.

5.   The Fourth Amendment prohibits unreasonable searches and seizures. It is well-

5

settled law that searches and seizures conducted without a warrant are *per se* unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

6. A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (*citing* California v. Hodari D., 499 U.S. 621, 626 (1991). A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged in criminal activity. Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

7. Based on information and belief, when Mr. Cuff complied with the officer's demands to get off the moped and place the kick stand down, the officers had no reasonable suspicion or probable cause to believe that he was involved in any criminal activity. Thus, any subsequent search of Mr. Cuff was illegal and in violation of the United States Constitution. Because the seizure was illegal, all evidence seized as a result of this illegal seizure must be suppressed in accordance with the "fruit of the poisonous tree doctrine," as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963). See also United States v. Mosley, 454 F.3d 249 (3d Cir. 2006).

**WHEREFORE**, Mr. Cuff respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an Order to suppress the evidence and statements as discussed above.

Respectfully submitted,

　　/s/

Keir Bradford, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant Shawn Cuff

DATED: November 20, 2007