IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-127-SLR |
| | ) | |
| SHAWN CUFF | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shawn A. Weede, Assistant United States Attorney for the District of Delaware, and the defendant, Shawn Cuff, by and through his attorney, Christopher G. Furlong, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment. Count One of the Indictment charges him with possession of a mixture or substance containing a detectable amount of cocaine base (with the intent to distribute), in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), which, based on the defendant having been previously convicted of a felony drug offense, carries a maximum sentence of thirty (30) years imprisonment, a fine of $2,000,000, at least six (6) years supervised release, and a $100 special assessment.

2. The defendant also understands that if there were a trial, the Government would also have to prove the four elements of the offense charged in Count One, namely, (1) that on or about July 18, 2007, in the State and District of Delaware, the defendant Shawn Cuff knowingly; (2) possessed;

(3) with the intent to distribute; (4) a mixture of substance containing a detectable amount of cocaine base. The defendant knowingly, voluntarily and intelligently admits his guilt to those four elements of the offense charged in Count One of the Indictment in the above case.

4. For purposes of sentencing and pursuant to United States Sentencing Guideline § 1B1.3, the defendant stipulates that the controlled substance amount and quantity that will be attributed to him as relevant conduct to the instant offense is at least 5 grams but less than 20 grams of cocaine base.

5. The defendant also understands that, in order for him to be subject to the enhanced statutory penalties in 21 U.S.C. § 841, the Government would have to prove that the defendant committed the acts alleged in Count One of the Indictment after having a final conviction for a felony drug offense, that is, a December 16, 1998 conviction in the United States District Court for the District of Delaware for possession with the intent to distribute cocaine base. The defendant knowingly, voluntarily and intelligently admits that at the time he committed the acts alleged in Count One of the Indictment he had a final conviction for a felony drug offense, that is, a December 16, 1998 conviction in the United States District Court for the District of Delaware for possession with the intent to distribute cocaine base.

6. The defendant agrees that his December 16, 1998 conviction in the United States District Court for the District of Delaware for possession with the intent to distribute cocaine base is a "controlled substance offense," as defined by United States Sentencing Guideline § 4B1.2(b).

7. The defendant agrees that on December 4, 1994, he was convicted of assault first degree in the Superior Court for New Castle County, Delaware. The defendant further agrees that this is a "crime of violence," as defined by United States Sentencing Guideline § 4B1.2(a).

8. The defendant agrees to forfeit all property that was seized from the defendant by any federal, state or local government officials on July 18, 2007, and July 22, 2007, including, but not

limited to, $2,182 in United States Currency. The defendant further agrees to waive all interest in any such assets described in the preceding sentence in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

9. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

10. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's

affirmative acceptance of responsibility is appropriate, and the Government will move for an additional one-point reduction, pursuant to Guideline Section 3E1.1.

11. The defendant agrees to pay the $100 special assessment on the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

12. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

13. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____    By: _____
Christopher G. Furlong, Esquire         Shawn A. Weede
Attorney for Defendant                  Assistant United States Attorney

Dated: __May__, __30__, 2008.       Dated: __June__, __9__, 2008.

_____
Shawn Cuff
Defendant

Dated: __MAY__, __30__, 2008.

**AND NOW**, this __13th__ day of __June__, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
The Honorable Sue L. Robinson
United States District Court Judge
District of Delaware

5